FARMERS MUTUAL FIRE INSURANCE COMPANY OF KNOX COUNTY, Plaintiff in Error,

*v.*

F. E. McMILLAN et ux., Defendant in Error.

395 S.W.2d 798.

(*Knoxville,* September Term, 1965.)

Opinion filed October 27, 1965.

LOUIS HOFFERBERT, Knoxville, for plaintiff in error, POORE, COX, BAKER & McAULEY, Knoxville, of counsel.

CHARLES HYATT BROWN, Knoxville, for defendant in error, GILREATH & BROWN, Knoxville, of counsel.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause involves the construction of a fire insurance contract. The Trial Judge, without a jury, heard the cause upon stipulation of all facts and found against plaintiff in error (insurance company).

The insurance company issued a fire policy to defendants in error covering property not in an area protected by a public fire department. The closest fire department was a private fire department. On or about 4 August 1964 a fire, by lightning, occurred in this property and defendants in error called this private fire department. The private fire department answered the call and upon arrival finished extinguishing the smoldering material. The suit was for $325.00 of which $25.00 was for damage to the property and $300.00 for the cost of the services of the private fire department.

The only issue here is whether the insurance company would be liable for this $300.00 charge under its policy which provides coverage, for "all direct loss by fire, lightning and extended coverage."

The language in this phrase is not ambiguous. *First Christian Church v. Hartford Mutual Ins. Co.,* 38 Tenn.App. 482, 276 S.W.2d 502 (1954). Then the phrase is to be construed giving the words their ordinary meaning, which is the meaning the average policy holder and

insurer would attach to them. *Ansley v. Travelers Ins. Co.,* 27 Tenn.App. 720, 173 S.W.2d 702 (1940); *Minnick v. Federated Life Ins. Co.,* 53 Tenn.App.1, 378 S.W.2d 189 (1963).

■ Construing this phrase, under these rules of construction, we do not think this language would convey to an average policy holder or insurer any thoughts in regard to a fire department. The thought here conveyed is, that property insured, is covered for all direct loss by fire, and this without regard to any fire department. As an example, if the property insured was in an area protected by a public fire department, and (1) the insured failed to call the fire department, or (2) called them and they failed to come, or (3) came too late; nevertheless under any of these possibilities the insurance company, under the language here at issue, would still be liable for all direct loss by fire. To hold this phrase would include the expense of calling this private fire department would be to read into this language something that is not there.

■ The plaintiff in error argues the term "direct loss by fire" is synonymous with proximate cause and such was recognized in *First Christian Church v. Hartford Mutual Insurance Co.,* supra. While such is mentioned in this case it is with neither approval or disapproval. We do agree, subject to contract language to the contrary, the phrase "direct loss by fire" in a fire insurance policy would generally be synonymous with proximate cause. In 29A Am.Jur., Insurance, Sec. 1289 we find the following:

Generally speaking a policy insuring against losses by fire covers every loss, damage, or injury to the insured property of which fire is the proximate cause. It includes every loss necessarily following from the occurrence of a fire, if it arises directly and immediately

from the peril, or necessarily from the surrounding circumstances, the operation and influence of which could not be avoided. * * * Moreover, it is not essential, to bring a loss within a fire insurance policy, that the property insured be ignited or consumed by fire, for in a proper case, a fire policy may, for example, cover damage from heat from a hostile fire; damage from breakage, theft, water, etc., in an attempt to save the property; damage from an explosion caused by a fire or to stop a conflagration; damage produced by a short circuit of electricity caused by fire; * * *. 29A Am.Jur.

In 38 Am.Jur. Negligence, Sec. 50, we find the following:

The great variety in both form and content of definitions of proximate cause attests the difficulty which is experienced in attempting to formulate a workable definition of this term. No definition of proximate cause can be altogether clarifying or satisfactory, since, inevitably, terms used in the definition will themselves require definition. Perhaps the best, as well as the most widely quoted, definition is the following: The proxicate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. 38 Am.Jur.

The calling of this private fire department, by defendant in error, may well have been a very wise act, but it was not done as "a natural and continuous sequence" resulting from the fire as these words are understood in the law of proximate cause. This act was an "efficient intervening cause" of the damage represented by the $300.00 cost of this private fire department, which is

true, even though such could have saved the insurance company from a greater loss.

The insurance company does not dispute that part of the judgment against them of $25.00, which was fire damage to the property. The judgment will be modified to read that the defendants in error have and recover of the plaintiffs in error the sum of Twenty Five ($25.00) dollars.